Good morning, Your Honors. I'm George Mothershed, plaintiff in this action. I would like to reserve three minutes. You may do so. Arizona Rules 33d and 34. Counsel, before you get to the merits of the case, there's a jurisdictional problem with Oklahoma. Do you have jurisdiction over the person or do you have jurisdiction over the subject matter? Jurisdiction over the person. That's what the district court held? Yes. And there are proof of service individuals? Yes. Yes, sir. By what right do you bring them into an Arizona court? Let me get this. Sorry. They bring them into an Arizona court under Ross v. Dodd. They've never been in. They don't do business in Arizona. No, but they sent an attorney to Arizona and an investigator to Arizona, and the torts were all committed in Arizona, and that's alleged in the court. Now, wait a minute. The justices took no legal action in Arizona. They had no authority to act in Arizona. They're elected and were appointed to serve the judicial needs of the state of Oklahoma. That's true. Within its jurisdictional boundaries. Their actions were purposely directed toward an individual in Arizona. Who's subject to discipline within the disciplinary system of the Arizona Supreme Court? Yes, and the Oklahoma Supreme Court. That's what I meant, Oklahoma. Yeah. Brand v. Dodge, Menlove Dodge, it's the site where the events took place and where most of the evidence is located, will usually be the most efficient forum. If I were to argue with you that there is no subject matter jurisdiction, you would quarrel with that, right? No subject matter jurisdiction? Well, sure, their subject matter jurisdiction lapsed because the trial panel's jurisdiction lapsed April 3rd, 2002. Okay. They lost their subject matter jurisdiction in failing to conduct a trial within the 60-day period of the appointment of the trial panel. Counsel, with respect to the Arizona defendants, why doesn't Rooker-Feldman apply? Rooker-Feldman doesn't apply for several reasons. One, it's the principal reason, this is an attack on the constitutionality of two rules. And Rooker-Feldman, 460 U.S. at 468 footnote 15, actually the last sentence of that footnote 18 says that if you are concurrently attacking the judgment and the rules, then Rooker-Feldman is allowed. Secondly, Feldman specifically addresses the issue, Rooker addresses the issue, where a court does not have jurisdiction, Rooker-Feldman doesn't apply. Rooker, that's the principal case, the principal leading case they cite in that is Voorhees v. Jackson. It's a 1836 case, and they went into, if you don't have jurisdiction over the party, if you don't have subject matter jurisdiction, then Rooker-Feldman, and there's a line of cases that are cited in Rooker, in, yeah, Rooker, on the 1936 case. You say there's no jurisdiction over the Arizona defendants here? No, no, no. No jurisdiction if the Arizona court did not have jurisdiction over the person or the subject matter. Many courts use the, I would like to point out the Pennzoil v. Texaco case, the opinion of Justice Marshall in there used inextricably intertwined substantially, but if you'll read the concurring opinion of Justice Scalia, Justice Scalia says that case was decided on the Younger doctrine and not Rooker-Feldman. And a lot of courts get inextricably intertwined in that issue, and it's, therefore, it's not, therefore, it's not applicable. Another, Arizona rules of admission needlessly deny Arizona, the people of Arizona, First Amendment free speech rights to obtain counsel of their choice. This right protects the... But is, your right, First Amendment right to hire counsel has not been impaired, has it? No. What are we arguing about a First Amendment claim for if you have been able to hire counsel if you desire? Well, I have overbroad standing to bring an action. You have no standing to bring a case on behalf of somebody in Arizona that is looking for a lawyer. That's their business, not yours. Well, I believe overbroad standing allows that. I've briefed heavily the overbroad standing in this issue. First Amendment challenges give significant overbroad standing to challenge rules, particularly under the area of First Amendment free speech. And the Arizona rules are an impermissible restraint of trade, and I'm asking this Court to strike them down on that reason. Well, I would ask you to strike down all of them. Rules 34D and 33D and 34. But don't all of the states or most of the states have rules that you can hire any lawyer you want as long as she is a member of the bar? Well, except Arizona has even worse. They have a restraint that's specifically in violation of Piper v. New Hampshire. And they say that if you have an attorney that resides or offices within the state of Arizona, he cannot be admitted pro hack vici. Counselor, you're down to less than three minutes. It's up to you. Thank you, Your Honor. We'll hear from the appellees. Now, we have four names listed here, so whoever you are, counsel, please tell us how you intend to use your ten minutes. Thank you, Your Honor. My name is Leslie Ann Hackey. I represent the state bar defendant, Lauren Browd, in this matter. To my right is Greg Eldridge, who represents the Oklahoma state defendants, Nathan Lockhart, who represents the Oklahoma state bar defendants, and Kerry Brennan, who represents the Arizona state defendants. Ms. Brennan is with the Arizona Attorney General's Office, and Mr. Eldridge is with the Oklahoma Attorney General's Office. What we intended on doing, Your Honor, because there are numerous defendants slash appellees in this case, we felt fairly confident in our brief and would rest on the arguments made in our brief, with the exception that you may have specific questions that might apply to each of us separately, and we would love to have you address those to each of us as they apply. Questions? I think I understand the cases from your briefing. Okay. I think we understand the briefs. Thank you very much. Any other questions? All right. Thank you. Thank you. Anything further, Mr. Mothershed? I would like to draw the Court's attention to the defendants who have supplemented the record with their excerpts of the record. And they have Rule 54I. Under 54I, you cannot challenge, fundamentally you can't raise a constitutional issue of lack of service or jurisdiction of the court,  Gibson v. Berryhill was a, which is not cited in my brief, but Gibson v. Berryhill is a case that says that no doctrine of preclusion, Rucker-Feldman, Younger, any of those are applicable if a state has a rule that precludes the raising of constitutional issues. As moreover, the court is considered incompetent by reason of bias if they have such a rule. Are you talking about local constitutional or federal? United States constitutional law. Okay. All right. And if you have a federal claim, you can always bring it in the district court, can you not? Yes, sir, you can. Okay. Yes, sir. But Berryhill v. Johnson, they say if you are not allowed by the state court to raise constitutional issues in that proceeding, then the court is incompetent by reason of bias and Rule 54I prevents me from raising constitutional issues with regard to service process and with regard to jurisdiction. I think we understand your argument, counsel. Thank you very much. Thank you. The case just argued will be submitted for decision, and we will hear argument in Gilmore v. United States.
judges: Goodwin, Beezer, O'Scannlain